UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JERRY W. SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>MIRRCO CENTER,<br>MIRCO CENTER BUSINESS SERVICES,<br>MIKE WARD, BEN SHELTON, and<br>MIRCO CENTER, THE ULTIMATE<br>COMPUTER STORE,<br><br>    Defendants. | Civil No. 09-3731 (DWF/JSM)<br><br>**REPORT AND<br>RECOMMENDATION** |

This matter is presently before the undersigned United States Magistrate Judge on plaintiff's amended application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket Nos. 5 and 6.)[1] The matter has been referred to this Court for a Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that plaintiff's IFP application be denied, and that this action be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**I. BACKGROUND**

This action was commenced on December 30, 2009, when plaintiff, together with a co-plaintiff identified as "Self-Help Law Clinic, Inc.," (hereafter "SLC"), filed a civil complaint and a joint application for IFP status. (Docket Nos. 1 and 2.) The Court reviewed the complaint and IFP application, and determined that because SLC identified itself as a corporation, it could not be granted IFP status, and it could not appear in this action without being represented by an attorney. Therefore, the pending IFP application

---

[1] Plaintiff's original IFP application, (Docket No. 2), was denied as moot, for reasons explained in the Court's previous order dated January 11, 2010. (Docket No. 3.)

was denied, and SLC was ordered to pay the full filing fee for this action, and appear by an attorney. (See Order dated January 11, 2010, [Docket No. 3]). In response to that order, plaintiff Jerry W. Smith filed a motion seeking leave to file an amended complaint, in which he would be the only named plaintiff. (Docket No. 4.) A copy of the proposed amended complaint was attached to plaintiff's motion. Plaintiff also filed the amended IFP application that is now before the Court.

By order entered contemporaneously with this Report and Recommendation, plaintiff's motion for leave to amend has been granted, and the Court has directed the Clerk to file plaintiff's proposed amended complaint.[2] Thus, the matter is currently before the Court for review of plaintiff's amended complaint and amended IFP application.

In the amended complaint, plaintiff alleges that on October 10, 2009, he "went into Defendant Mirco Center (MC) St. Louis Park, Minnesota store to purchase computer hard ware [sic] for SLC." (Amended Complaint, p. 5, ¶ 19.) Plaintiff also inquired about setting up a "revolving credit account" for SLC. Upon learning that such an account might be available for SLC, plaintiff "acting in his official capacity as CFO" of SLC, mailed in a credit application to Defendant Mirco Center Business Services, ("MCBS"). (Id., ¶ 20.) At about the same time, (late October 2009), SLC allegedly "placed a substantial down payment in the amount of $2476.76 on the products SLC ordered." (Id., n. 2.)

Over the course of the next few weeks, plaintiff allegedly made repeated inquires about SLC's credit application. Plaintiff attempted to contact MCBS by telephone, but his

---

[2] Because SLC has not appeared by counsel, as required by the Court's prior order, and because SLC is not named as a plaintiff in the amended complaint, SLC is deemed to have abandoned this action.

calls were not answered and his messages were not returned. (Id., pp. 5-6, ¶ 21.) Plaintiff later contacted defendant Ben Shelton, who is identified as a "sales supervisor" at the store in St. Louis Park where SLC attempted to purchase computer equipment. (Id., p. 6, ¶ 22.) Plaintiff was not satisfied with Shelton's response to his complaints about the credit application process, so plaintiff asked Shelton to cancel the purchase order and return the down payment. (Id.) Shelton allegedly agreed to do so, but the down payment allegedly was not returned. (Id.)

In November 2009, plaintiff went back to the store where he had attempted to purchase computer equipment for SLC, and talked to defendant Mike Ward, who allegedly is the store manager. (Id., ¶ 23.) After listening to plaintiff's complaints about the credit application process, and the failure to return the down payment, Ward allegedly promised plaintiff that "he would personally look into this matter." (Id.) During a subsequent telephone conversation on December 24, 2009, Ward allegedly promised a "refund" by December 28, 2009. (Id., ¶ 24.) However, plaintiff never heard anything further about the matter from Ward. (Id.) Apparently, neither SLC nor plaintiff has received any goods from any of the defendants, and the down payment described in the amended complaint has not been refunded.

Plaintiff is now attempting to sue defendants on several causes of action, including breach of contract, fraudulent misrepresentation, negligence, gross negligence, negligent infliction of emotional distress, and violations of Minnesota's "Uniform Deceptive Trade Practices Act." (Amended complaint, p. 7.) Plaintiff is also attempting to sue defendants under 42 U.S.C. § 1981, and he claims that defendants violated his federal constitutional rights. (Id.)

3

Plaintiff is seeking an injunction that would require defendants to return his "personal property." He is also seeking a judgment against defendants for "treble and punitive damages in excess of $75,000.00." (Id.)[3]

## II. DISCUSSION

An IFP application will be denied, and the action dismissed, when a plaintiff has filed a pleading that fails to state a cause of action on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996). Here, the Court finds that plaintiff's complaint fails to state any actionable claim for relief against any of the named defendants, which can be entertained in federal court.

Plaintiff's amended complaint lists several causes of action, including 42 U.S.C. § 1981. Section 1981 "prohibits racial discrimination in 'all phases and incidents' of a contractual relationship." Gregory v. Dillard's, Inc., 565 F.3d 464, 468 (8th Cir.), cert. denied, 130 S.Ct. 628 (2009), quoting Rivers v. Roadway Express, Inc., 511 U.S. 298, 302 (1994).

Plaintiff's pleading provides a detailed explanation of the factual history on which his claims are based. However, there are no allegations in the amended complaint suggesting that defendants discriminated against plaintiff because of his race. Defendants may have treated plaintiff shabbily, and they may be liable to him under some state law theory, but again, there are no allegations showing that they intentionally discriminated against plaintiff

---

[3] Plaintiff has not identified the "personal property" that he wants to have returned to him, nor has he explained how he was personally injured by any of defendants' alleged misdeeds. It appears that plaintiff was acting solely as a representative of SLC during all of his interactions with defendants, and if anyone was injured by defendants' alleged misdeeds, it must have been SLC – not plaintiff. At present, however, it is unnecessary to explore these potential flaws in plaintiff's pleading, because the Court finds that this action should be dismissed for other reasons, which are discussed below.

4

because of his race. Therefore, plaintiff's amended complaint fails to state an actionable claim for relief under 42 U.S.C. § 1981.

The amended complaint also includes vague allegations that defendants violated plaintiff's federal constitutional rights. A civil cause of action based on an alleged violation of a constitutional right can be brought under 42 U.S.C. § 1983. To bring such a claim, however, the plaintiff must allege, (and ultimately prove), that the defendant violated the Constitution <u>while acting under color of state law</u>. See <u>Hart v. City of Little Rock</u>, 432 F.3d 801, 804 (8th Cir. 2005) (to state an actionable Section 1983 civil rights claim, a plaintiff must show "'(1) [a] violation of a constitutional right, (2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right'"), <u>cert</u>. <u>denied</u>, 547 U.S. 1207 (2006), quoting <u>Kuha v. City of Minnetonka</u>, 365 F.3d 590, 606 (8th Cir. 2003), quoting, in turn, <u>Shrum v. Kluck</u>, 249 F.3d 773, 777 (8th Cir. 2001). See also <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988) (to state a cause of action under 42 U.S.C. § 1983, the plaintiff must allege facts showing that the named defendants violated his constitutional rights while acting under color of state law); <u>Youngblood v. Hy-Vee Food Stores, Inc.</u>, 266 F.3d 851, 855 (8th Cir. 2001) ("[o]nly state actors can be held liable under Section 1983"), <u>cert</u>. <u>denied</u>, 535 U.S. 1017 (2002).

Here, there are no allegations suggesting that any of the defendants violated plaintiff's constitutional rights while acting under color of state law. To the contrary, it clearly appears that all defendants are purely private, (i.e., <u>non</u>-governmental), parties. Therefore, plaintiff has failed to plead an actionable claim based on the federal Constitution.

Thus, the Court finds that the allegations in plaintiff's complaint do not support any cause of action based on <u>federal</u> law or the <u>federal</u> Constitution. The Court recognizes, of course, that plaintiff's lawsuit is based primarily on various <u>state law</u> causes of action, and

those claims may be more viable, (although, as noted at fn. 3, supra, the Court questions whether plaintiff, rather than SLC, is the real party in interest as to such claims). However, there is no original federal subject matter jurisdiction over plaintiff's state law claims, because they are not based on federal law or the Constitution. See 28 U.S.C. § 1331.[4]

If plaintiff had pleaded an actionable federal claim, then his state law claims could be entertained under the federal supplemental jurisdiction statute – 28 U.S.C. § 1367. However, the absence of an actionable federal claim effectively precludes the Court from exercising supplemental jurisdiction over plaintiff's state law claims. See Stokes v. Lokken, 644 F.2d 779, 785 (8th Cir. 1981) ("when federal claims are dismissed before trial, the normal practice is to dismiss pendent [state law] claims"); Johnson v. City of Shorewood, Minnesota, 360 F.3d 810, 819 (8th Cir.) ("[t]he Supreme Court has noted that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine ... will point toward declining to exercise jurisdiction over the remaining state-law claims'"), cert. denied, 543 U.S. 810 (2004), quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n. 7 (1988); see also Thomas v. Dickel, 213 F.3d 1023, 1026 (8th Cir.) ("federal courts should 'exercise judicial restraint and avoid state law issues wherever possible'"), cert. denied, 531 U.S. 1013 (2000), quoting Condor Corp. v. City of St. Paul, 912 F.2d 215, 220 (8th Cir.1990).

---

[4] Plaintiff has not suggested that federal subject matter jurisdiction could exist under the "diversity of citizenship" statute, 28 U.S.C. § 1332, and it clearly appears that plaintiff and at least some of the named defendants are residents of the same state – namely Minnesota.

## III. CONCLUSION

For the reasons discussed above, the Court concludes that plaintiff's complaint fails to state a cause of action against the named defendants that can properly be addressed in federal court. Based on that determination, it is recommended that plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii).

## IV. RECOMMENDATION

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis, (Docket No. 5), be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: February 9, 2010

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by February 23, 2010, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.